1

2 UNITED STATES DISTRICT COURT

3 EASTERN DISTRICT OF CALIFORNIA

4

5 PAMALA J. MYRICK,                        No.  1:19-cv-01659-GSA

                    Plaintiff,
6
                                           **STIPULATION AND ORDER FOR THE**
7 v.                                       **AWARD OF ATTORNEY FEES**
                                           **PURSUANT TO THE EQUAL ACCESS**
8 ANDREW SAUL,                             **TO JUSTICE ACT, 28 U.S.C. § 2412(d)**
  Commissioner of Social Security,         **AND COSTS PURSUANT TO 28 U.S.C.**
9                                          **§ 1920**
                    Defendant.
10

11        IT IS HEREBY STIPULATED by and between the parties through their

12
undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded
13

14 attorney fees under the Equal Access to Justice Act (EAJA) in the amount of FIVE

15 THOUSAND THREE HUNDRED TWENTY EIGHT DOLLARS AND FIFTY

16
SEVEN CENTS ($5,328.57) and costs under 28 U.S.C. § 1920 in the amount of
17

18 FOUR HUNDRED DOLLARS ($400.00).  These amounts represent compensation

19 for all legal services rendered and costs incurred on behalf of Plaintiff, to date, by

20
counsel in connection with this civil action, in accordance with 28 U.S.C.
21

22 §§ 2412(d) and 1920.

23        After the Court issues an order for EAJA fees and expenses to Plaintiff, the

24
government will consider the matter of Plaintiff's assignment of EAJA fees and
25

26 expenses to Plaintiff's attorney. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010),

27
the ability to honor the assignment will depend on whether the fees, expenses are
28

subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees and expenses is entered, the government will determine whether they are subject to any offset.

Fees and expenses shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees to be made directly to the Metsker Law Firm, pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and expenses, and does not constitute an admission of liability on the part of Defendant under the EAJA.  Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees and expenses in connection with this action.

This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406, subject to the offset provisions of the EAJA.


Respectfully submitted,

Dated:  March 9, 2021                    */s/ John David Metsker*
                                         John David Metsker

Attorney for Plaintiff

Dated: March 9, 2021                      /s/  *Ellinor Ravenel Coder**
                                          ELLINOR RAVENEL CODER
                                          *As authorized via email on
                                          March 9, 2021*
                                          Special Assistant United States Attorney
                                          Attorney for Defendant

**ORDER**

Pursuant to the parties' stipulation,

IT IS SO ORDERED.

Dated:   **March 10, 2021**                **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE